**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



DENNIS J. CONNOLLY, in his capacity as Plan Administrator for SONICblue, Inc.,

Plaintiff - Appellee,

v.

ADMIRAL INSURANCE COMPANY,

Defendant - Appellant,

and

OLD REPUBLIC INSURANCE COMPANY,

Defendant.

No. 11-15784

D.C. No. 5:09-cv-04853-JF

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Jeremy D. Fogel, District Judge, Presiding

Argued and Submitted December 4, 2012
San Francisco, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: O'SCANNLAIN, THOMAS, and CALLAHAN, Circuit Judges.

Admiral Insurance Company ("Admiral") appeals the grant of summary judgment to David Connolly, Plan Administrator for SONICblue ("Connolly"). Because the parties are familiar with the history of this case, we need not recount it here. We affirm in part and reverse in part.

I

The district court erred, in part, in determining that Admiral was entitled only to be reimbursed for the amount it expended to defend the underlying action up to the date of rescission.

Connolly's interpretation of Admiral's obligation is inconsistent with *Gon v. First State Insurance Co.*, 871 F.2d 863, 868 (9th Cir. 1989), which required the insurance company to "pay all legal expenses of all insureds as they are incurred," even after the insurer had filed a complaint for rescission. 871 F.2d at 865. Upon rescission of the policy, "[t]he policy would be 'extinguished' *ab initio*, as though it had never existed. In other words, [SONICblue and the directors], in law, never were insureds under a policy of insurance." *Imperial Cas. & Indem. Co. v. Sogomonian*, 243 Cal. Rptr. 639, 646-47 (Cal. Ct. App. 1988).

After rescinding the policy, Admiral paid to defend the underlying action only after expressly "reserv[ing] its rights" under the original policy and under

*Buss v. Superior Court*, 939 P.2d 766, 784 n.27 (Cal. 1997). *Buss* explained that "[t]hrough reservation, the insurer gives the insured notice of how it will, or at least may, proceed and thereby provides [the insured] an opportunity to take any steps that it may deem reasonable or necessary in response – including whether to accept defense at the insurer's hands and under the insurer's control or, instead, to defend itself as it chooses." 939 P.2d at 784 n.27 (internal citations omitted). At any time, SONICblue could have accepted the rescission and defended itself in its claim. *See id.* (agreeing that "the insurer can reserve its right of reimbursement for defense costs by itself, without the insured's agreement.").

The California Supreme Court confirmed its view on this issue in *Scottsdale Insurance Co. v. MV Transportation*, 115 P.3d 460 (Cal. 2005), in which it held that where the insurer properly reserved its rights, it could "obtain reimbursement of its expenses of defending its insured against a third party lawsuit, when it is ultimately determined, as a matter of law, that the policy never afforded any potential for coverage, and that a duty to defend never arose." 115 P.3d at 462. "[A]n insurer, having reserved its right to do so, may obtain reimbursement of defense costs which, in hindsight, it never owed." *Id.* at 467-68; *see also LA Sound USA, Inc. v. St. Paul Fire & Marine Ins. Co.*, 67 Cal. Rptr. 3d 917, 926-27 (Cal. Ct. App. 2007) (holding that "reimbursement here is required by rescission"

3

because "[u]nlike a *Buss* mixed action, in this case [the insurer]'s duty to defend was nonexistent from the inception.").

Therefore, we reverse the amount of the district court's award of judgment, and instead award judgment to Connolly and against Admiral in the amount of $85,956.12, which is the difference between the $675,000 net premium SONICblue paid to Admiral, and $589,043.88, which is the amount paid by Admiral to defend the underlying action, plus all applicable interest.

II

The district court did not err in concluding that Admiral was not entitled to recover the attorneys fees and costs it expended on the coverage issue. Admiral neither "br[ought] an action to recover" its attorneys fees nor "assert[ed] such rescission by way of defense or cross-complaint" in Connolly's present action for restitution. Cal. Civ. Code § 1692. It only raised the issue in its response to a Motion for Summary Adjudication. Under these circumstances, the district court acted within its discretion in determining that Admiral's claim for attorneys fees had not been properly asserted.

**AFFIRMED IN PART; REVERSED IN PART.**

Each party shall bear its own costs.

4